UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARLA ROSARIO, individually and on behalf of other similarly situated individuals, | : : : : | ELECTRONICALLY FILED |
| | : | Civ. A. No. 3:15-cv-00241-MPS |
| Plaintiff, | : : | |
| v. | : : | |
| COMPASS GROUP, USA, INC., | : : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND DEFENSES TO**
**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Defendant Compass Group, USA, Inc. ("Defendant" or "Compass"), by and through its undersigned counsel of record, hereby responds to Plaintiff's Collective Action Complaint in accordance with the numbered paragraphs thereof as follows:

### I. INTRODUCTION

1. Except to admit that Plaintiff purports to assert claims under the Fair Labor Standards Act on behalf of herself and other Assistant Managers, Defendant denies the allegations in paragraph 1.

2. Except to admit that Plaintiff purports to assert claims under the Fair Labor Standards Act on behalf of herself and other Assistant Managers for the relief set forth in paragraph 2, Defendant denies the allegations set forth in paragraph 2.

### II. PARTIES

3. Except to admit that Plaintiff worked for Defendant as an Assistant Manager at the Mohegan Sun Casino in Montville, Connecticut and that its last address on record for Ms. Rosario was in Connecticut, Defendant denies the allegations in paragraph 3.

4. Except to admit that Plaintiff purports to assert claims under the Fair Labor Standard Act on behalf of other Assistant Managers, Defendant denies the allegations set forth in paragraph 4.

5. Defendant denies the allegations set forth in paragraph 5.

6. Except to admit that Defendant is a Delaware corporation with a principal place of business in Charlotte, North Carolina, and that it provides food services in various locations throughout the United States, Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations set forth in paragraph 7.

8. The allegations set forth in paragraph 8 are legal conclusions to which no response is required.

### III. JURISDICTION AND VENUE

9. The allegations set forth in paragraph 9 are legal conclusions to which no response is required.

10. The allegations set forth in paragraph 10 are legal conclusions to which no response is required.

### IV. FACTS

11. Defendant denies the allegations set forth in paragraph 11.

12. Defendant denies the allegations set forth in paragraph 12.

13. Defendant denies the allegations set forth in paragraph 13.

14. Except to admit that it lawfully treated Plaintiff as an exempt employee under the Fair Labor Standards Act, Defendant denies the allegations set forth in paragraph 14.

15. Defendant denies the allegations set forth in paragraph 15.

16. Defendant denies the allegations set forth in paragraph 16.

17. Defendant denies the allegations set forth in paragraph 17.

18. Defendant denies the allegations set forth in paragraph 18.

19. Defendant denies the allegations set forth in paragraph 19.

20. Defendant denies the allegations set forth in paragraph 20.

21. Defendant denies the allegation set forth in paragraph 21.

22. Defendant denies the allegations set forth in paragraph 22.

23. Defendant denies the allegations set forth in paragraph 23.

## V. COUNT ONE

24. Defendant denies the allegations set forth in paragraph 24.

25. Defendant denies the allegations set forth in paragraph 25.

## VI. DEMAND FOR RELIEF

Defendant denies that Plaintiff and those she purports to represent are entitled to any relief, including the relief set forth in the Demand for Relief paragraph, and its subparagraphs a-f, of the Complaint.

## JURY DEMAND

Defendant admits only that Plaintiff purports to demand a trial by jury.

## GENERAL DENIAL

Defendant denies all allegations of the Complaint not specifically admitted herein.

## DEFENSES

1. Plaintiff fails, in whole or in part, to state a claim upon which relief can be granted with respect to some or all of the relief sought for her and/or some or all of the individuals she purports to represent.

2. Plaintiff's claims, and/or the claims of some or all of the individuals she purports to represent, are barred, in whole or in part, by the applicable statute(s) of limitations.

3. Plaintiff and/or some or all of the individuals she purports to represent are and/or were exempt from the overtime provisions of the Fair Labor Standards Act under one or more exemptions, including, but not limited to, the administrative, executive, and/or combination exemption.

4. If Defendant's failure to pay overtime to Plaintiff and/or some or all of the individuals she purports to represent is deemed to be unlawful, although such is denied, Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful such that an award of liquidated damages would be improper under 29 U.S.C. § 260.

5. Pursuant to 29 U.S.C. § 259 and other applicable law, if Defendant's alleged failure to pay overtime to Plaintiff and/or some or all of the individuals she purports to represent is deemed to be unlawful, although such is denied, Defendant's conduct was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

6. Plaintiff and/or some or all of the individuals she purports to represent cannot meet their burden to establish that Defendant's alleged unlawful failure to pay overtime was a willful violation of law.

7. Plaintiff and/or some or all of the individuals she purports to represent fail to allege facts sufficient to support an award of liquidated damages against Defendant.

8. The claims of Plaintiff and/or some or all of the individuals she purports to represent are barred, in whole or in part, by the doctrine of estoppel.

9. The claims of Plaintiff and/or some or all of the individuals she purports to represent are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned, or are subject to a covenant not to sue.

10. The claims of Plaintiff and/or some or all of the individuals she purports to represent are barred, in whole or in part, to the extent that they are subject to mandatory dispute resolution and arbitration.

11. The claims of Plaintiff and/or some or all of the individuals she purports to represent are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

12. The claims of Plaintiff and/or some or all of the individuals she purports to represent are barred, in whole or in part, by their unclean hands and/or inequitable or wrongful conduct.

13. To the extent that Plaintiff and/or some or all of the individuals she purports to represent were paid compensation beyond that to which she or they would have been entitled while employed by Defendant, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

14. The claims of Plaintiff and/or some or all of the individuals she purports to represent are offset, in whole or in part, by any amounts owed to Defendant, including, but not limited to, overpayments or other forms of unjust enrichment.

15. If Plaintiff and/or some or all of the individuals she purports to represent are found to be entitled to overtime, back wages should be calculated at a rate of one-half the regular rate for each individual.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend this Answer, including its responses to the allegations of the Complaint, and to add any and all additional defenses as they become known through discovery or investigation.

**WHEREFORE,** Defendant, Compass Group, USA, Inc., respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Respectfully Submitted,

MORGAN LEWIS & BOCKIUS, LLP

*/s/ Michael J. Puma*
Michael J. Puma (CT:  25130)
Lauren E. Marzullo *(pro hac vice forthcoming)*
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  +1.215.963.5000
Facsimile:  +1.215.963.5001
mpuma@morganlewis.com
lmarzullo@morganlewis.com

Sam S. Shaulson (CT:  28369)
101 Park Avenue
New York, NY  10178-0060
Telephone:  +1.212.309.6000
Facsimile:  +1.212.309.6001
sshaulson@morganlewis.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 20, 2015, a copy of the foregoing Defendant's Answer and Defenses to Plaintiff's Collective Action Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/  Michael J. Puma
Michael J. Puma (CT:  25130)
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:  +1.215.963.5000
Facsimile:  +1.215.963.5001
mpuma@morganlewis.com