**Morgan Lewis**

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel. +1.215.963.5000
Fax: +1.215.963.5001
www.morganlewis.com

**Michael J. Puma**
Partner
+1.215.963.5305
mpuma@morganlewis.com

August 17, 2015

*VIA E-MAIL*

The Honorable Michael B. Shea, U.S.D.J.
c/o Kathryn_Bradley@ctd.uscourts.gov

Re:    <u>Rosario, et al. v. Compass Group, USA, Inc., Civil Action No. 3:15-cv-00241-MPS</u>

Dear Judge Shea:

Defendant respectfully requests relief from Plaintiff's attempt to obtain a Federal Rule 30(b)(6) deposition that undermines the conditional certification briefing schedule negotiated in the Joint Rule 26(f) report and approved by the Court during the Rule 16 teleconference.  The testimony sought regarding damages is premature and, most significantly, it would allow Plaintiff to unfairly introduce new evidence in her conditional certification reply brief.

As explained in the 26(f) Report (Dkt. #30), courts often bifurcate discovery in an FLSA collective action:  one phase relevant to a motion for conditional certification, and a second relevant to merits and damages.  Doing so is fair and efficient given that the conditional certification decision drastically alters the scope of litigation (in this case, potentially expanding from one Plaintiff's claim to hundreds of individuals' claims), and cases often resolve if conditional certification is denied.  Limiting initial discovery to issues relevant to conditional certification is efficient, avoids undue expense, and causes Plaintiff no prejudice.  For these reasons, Defendant proposed bifurcated discovery.  *See* Dkt. No. 30.

But Plaintiff took the position that she did not need any discovery for her motion for conditional certification and, in particular, never suggested she intended to take any deposition related to that motion.  Instead, Section 6 of the Rule 26(f) Report provided for only "depositions of the named and opt-in Plaintiffs" at this stage.  Based on this, as well as Plaintiff's representations during the Rule 16 teleconference that she would not need discovery for conditional certification, the Court did not need to rule on Defendant's request for bifurcation.

Almost a month after moving for conditional certification (without discovery, as promised), Plaintiff suddenly served expansive written discovery requests seeking every shred of paper concerning the individualized duties, work hours and compensation of each of the hundreds of individuals she seeks to represent.  Defendant is serving responses and objections to that discovery today.  Plaintiff also served a Notice of 30(b)(6) deposition seeking testimony on "[a]ny and all efforts by Compass Group to make good faith efforts to comply with the Fair Standards Labor Act

The Honorable Michael B. Shea, U.S.D.J.
Page 2

[sic] with regard to Assistant Managers in the Eurest Dining Services Division." Defendant timely objected to that Notice, and this dispute ensued.

The deposition Notice prematurely seeks testimony regarding a damages issue. Defendant's "good faith efforts" relate to a specific statutory defense to liquidated damages. *See* 29 U.S.C. § 260 (liquidated damages not appropriate if defendant acted in "good faith"). This topic has no bearing on whether Plaintiff is similarly situated to other Assistant Managers for purposes of conditional certification, or even on the ultimate merits question of whether any Assistant Manager was misclassified as exempt based on the individual duties they performed.

Plaintiff nevertheless argued during the August 13 teleconference with the Court that this testimony will bear on her pending motion and thus she may use this evidence in her reply brief, which is due on August 24th. For that reason, Plaintiff unilaterally noticed this deposition for August 20th without conferring with defense counsel as to convenient dates for counsel and the corporate witness(es). Plaintiff has refused to even postpone the deposition until after the August 24th filing, which Defendant proposed as a compromise. This is curious given that Defendant cooperatively worked with Plaintiff to schedule the depositions of her and the opt-in Plaintiffs for mutually convenient dates that ended up extending more than a month beyond the originally proposed dates. But what is most important is that Plaintiff's refusal to defer the deposition demonstrates that it is specifically intended to support her reply brief. If Plaintiff felt she needed certain discovery bearing on conditional certification, she could have said so in the 26(f) report or during the Rule 16 teleconference. That is what Defendant did, and the parties thus negotiated a briefing schedule that would allow Defendant time to obtain limited written discovery and testimony from Plaintiff before it had to oppose certification. Plaintiff could have done the same, and the parties would have completed that discovery before she filed a motion for conditional certification. But Plaintiff cannot fairly file her motion while claiming to not need discovery, only to later demand discovery in the midst of briefing so that she can introduce new evidence in a reply brief. *See Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 2007 WL 1098714 (S.D.N.Y. Apr. 12, 2007) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply."); *Burroughs v. Cnty. of Nassau*, 2014 WL 2587580, at *4 (E.D.N.Y. June 9, 2014) (disregarding new evidence submitted with reply brief).

Defendant respectfully requests an Order precluding the requested 30(b)(6) deposition until after a ruling on conditional certification or, alternatively, at least an Order deferring the deposition until after the August 24 reply brief deadline. If the Court denies this relief, Defendant will attend the deposition on August 20 as noticed, so the briefing schedule should remain unchanged.[1]

Respectfully submitted,

Sincerely,

Michael J. Puma

---

[1] <u>Certification</u>: Counsel for Defendant certifies that the parties have complied with their good faith conference obligations under the Federal Rules and Local Rules.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| CARLA ROSARIO, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>V.<br><br>COMPASS GROUP, USA, INC.,<br><br>Defendant. | : : : : : : : : : : : : : | CIVIL ACTION NO.:<br>3:15-cv-00241-MPS<br><br><br><br><br>JULY 21, 2015 |
|---|---|---|

## NOTICE OF 30(b)(6) DEPOSITION OF COMPASS GROUP, USA., INC.

Please take notice that at **10:00 AM. EST on AUGUST 20, 2015,** and day to day thereafter until concluded, at The Hayber Law Firm, LLC, located at 221 Main Street, Suite 502, Hartford CT 06106, the Plaintiff will take the deposition of **Compass Group, USA, INC.** upon oral examination before **Brandon Reporting and Video, LLC** or some other officer duly authorized by law to take depositions. This deposition is being taken for the purpose of discovery or for use at trial (or both), or for such purposes as are permitted under the applicable rules and law.

PLAINTIFFS, CARLA ROSARIO,
individually and on behalf of other
similarly situated individuals

By:_____
Richard E. Hayber
The Hayber Law Firm, LLC
Fed Bar No.: CT11629
221 Main Street, Suite 502
Hartford, CT 06106
Phone: (860) 522-8888
Fax:    (860) 218-9555
rhayber@hayberlawfirm.com

## MATTERS FOR INQUIRY

1. Any and all efforts by Compass Group to make good faith efforts to comply with the Fair Standards Labor Act with regard to Assistant Managers in the Eurest Dining Services Division.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above was mailed or electronically delivered on **July 21, 2015,** to all counsel and pro se parties of record and that written consent for electronic delivery was received from all counsel and pro se parties of record who were electronically served:

VIA CERTIFIED MAIL #
Michael J. Puma
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
mpuma@morganlewis.com

Lauren Marzullo
Morgan, Lewis & Bockius, LLP
One Oxford Centre, 32nd Floor
301 Grant Street
Pittsburgh, PA 15219-64001
lmarzullo@morganlewis.com

Samuel Shaulson
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178-0060
sshaulson@morganlewis.com

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
sliss@llrlaw.com

Brandon Reporting & Video, LLC
249 Pearl Street
Hartford CT 06103
scheduling@brandonreporting.com

_____
Richard E. Hayber

3

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel.  +1.215.963.5000
Fax: +1.215.963.5001
www.morganlewis.com

# Morgan Lewis

**Michael J. Puma**
Partner
+1.215.963.5305
mpuma@morganlewis.com

August 6, 2015

**VIA EMAIL AND FEDERAL EXPRESS**

Richard E. Hayber, Esq.
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT  06106

Shannon Liss-Riordan, Esq.
Jill S. Kahn, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116

Re:    <u>Rosario v. Compass Group USA, Inc., Case No. 3:15-cv-00241-MPS (D. Conn.)</u>

Dear Counsel:

We write to object to Plaintiff's Notice of 30(b)(6) Deposition of Compass Group, USA, Inc. ("Compass") dated July 21, 2015.

Compass objects to the scope of the Notice and the stated subject area, which is vague and ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope, and seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

The Notice seeks testimony by a Compass corporate representative concerning "[a]ny and all efforts by Compass Group to make good faith efforts to comply with the Fair Labor Standards Act with regard to Assistant Managers in the Eurest Dining Services Division." Any such "efforts" by or at the direction of in-house counsel are not discoverable under the attorney-client privilege and/or work product doctrine.  This topic also lacks any temporal limitation and seeks information well beyond the scope of exempt classification of Assistant Managers.

This request also is premature in light of the posture of this case.  This is exactly the sort of discovery Compass asked to postpone until after the Court rules on Plaintiff's Motion for Notice.

**Morgan Lewis**

Richard E. Hayber, Esq.
August 6, 2015
Page 2


<u>See</u> Joint Rule 26(f) Report at 6-7. Courts routinely bifurcate discovery and limit pre-conditional certification discovery to topics relevant to conditional certification. <u>See, e.g., Luiken v. Domino's Pizza LLC</u>, No. 09-516, 2009 WL 4723296, at *4-5 (D. Minn. Dec. 2, 2009 (bifurcating discovery into pre- and post-conditional certification phases); <u>Bunyan v. Spectrum Brands, Inc.</u>, No. 07-0089, 2008 WL 2959932, at *4 (S.D. Ill. July 31, 2008) (court ordered initial round of discovery limited to the propriety of conditional certification). Such bifurcation is fair and reasonable because a denial of conditional certification not only significantly alters the scope of the action, but also often will lead to a resolution of the litigation and will obviate the need for additional discovery. During the Rule 16 teleconference with the Court, Plaintiffs indicated that they would not be seeking discovery of this nature at this stage.

Here, the "good faith efforts" of Compass, pertinent at most to a defense to liquidated damages, have no bearing on whether Plaintiff and other Assistant Managers are similarly situated. Requiring Compass to prepare a corporate witness to testify regarding this topic now, before the Court rules on whether this case can even proceed as a collective action, is premature and unduly burdensome.

Pursuant to Judge Shea's Instructions for Discovery Disputes, please let us know your availability to meet and confer regarding this dispute. We propose that the parties simply defer this discovery until after a ruling on conditional certification.

Best regards,

*Michael J. Puma/Jph*

Michael J. Puma

# L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

HAROLD L. LICHTEN†
SHANNON LISS-RIORDAN◊

_____

TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM

BENJAMIN J. WEBER□
PETER M. DELANO
MATTHEW W. THOMSON
JILL S. KAHN◊
ADELAIDE H. PAGANO
THOMAS P. FOWLER◊

†ALSO ADMITTED IN MAINE
◊ALSO ADMITTED IN NEW YORK

□ALSO ADMITTED IN TENNESSEE

August 17, 2015

**_VIA ELECTRONIC MAIL_**
The Honorable Michael B. Shea
United States District Judge for the District of Connecticut
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street - Room 217
Hartford, Connecticut 06103
c/o Kathryn_Bradley@ctd.uscourts.gov

Re:   <u>Rosario v. Compass Group, USA, Inc</u>., Civ. A. No. 15-00241-MPS

Dear Judge Shea:

Plaintiff objects to Defendant's request to postpone the deposition of its corporate representative, pursuant to Fed. R. Civ. P. 30(b)(6), until after this Court issues a ruling on Plaintiff's motion for conditional certification, or until after Plaintiff has submitted her reply in support of her motion for conditional certification.  Plaintiff served Defendant with notice of the Rule 30(b)(6) deposition, attached as Exhibit A, on July 21, 2015 -- 30 days prior to the August 20, 2015, deposition date.  It was not until just several days ago (just before the deposition) that Defendant's counsel asked us to postpone the deposition.  When requesting the postponement, Defendant did not state that it needed to be postponed due to witnesses' unavailability.  Indeed, we offered to reschedule the deposition to any date this week to accommodate witness or attorney schedules, or to a date over the next week or so, if Defendant wanted to take another week (as its counsel had requested) to respond to our written discovery requests (due today), and agree to a one-week extension of the deadline for Plaintiff's reply brief.

Indeed, it was Defendant Compass Group that stated at the initial scheduling conference that it wanted initial discovery to proceed simultaneously with the conditional certification briefing.  Although Plaintiff filed her conditional certification motion before conducting discovery (because we did not believe it was necessary to conduct discovery before filing Plaintiff's motion), since discovery was in fact proceeding simultaneously with the briefing, we noticed this motion for a date before our reply would be due so that we could take the deposition before submitting the reply.  We do not understand Defendant's argument as to why the deposition should be postponed

LICHTEN & LISS-RIORDAN, P.C.

simply because we noticed the deposition for a date before our reply would be filed. Defendant deposed the original named plaintiff and both opt-in plaintiffs before submitting its opposition to conditional certification.

Plaintiff is thus within her rights under the discovery rules to take the deposition at this time (as it was duly noticed 30 days in advance). At Defendant's request, the scheduling order approved by this Court during the Rule 16 conference provided for discovery occurring simultaneously with conditional certification briefing.

Rule 30(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Rule 30(b)(6) sets forth the requirements for noticing the deposition of an organization. Nothing in the Federal Rules, nor the parties' Joint Rule 26(f) report, subsequently approved by the Court, curtails Plaintiff's right to take the deposition of Defendant's corporate representative, within 30 days of noticing the deposition.

During the Rule 26(f) conference, Plaintiff contended that it was not necessary for the parties to conduct discovery prior to briefing conditional certification. Defendant disagreed, and requested that the deadline for its response to Plaintiff's motion for conditional certification be scheduled after the depositions of the three opt-in plaintiffs. In an effort to work collaboratively with Defendant to reach an agreed upon schedule, Plaintiff agreed, and set the deadline for Defendant's response three weeks after the completion of depositions for all three opt-in plaintiffs. Defendant's response relies heavily on the testimony provided in these depositions.

Although Plaintiff continues to believe that it is not necessary for either party to take discovery prior to the Court's considering Plaintiff's conditional certification motion, because Defendant was able to depose the named plaintiff and two opt-in plaintiffs prior to submitting its opposition, and used those depositions extensively in its opposition, there is no reason that Plaintiff should be precluded from taking a duly noticed deposition before submitting her reply. Plaintiff does not, as Defendant suggests, intend to use information from the deposition to introduce new arguments in her reply brief. Rather, Plaintiff intends to use the testimony to rebut the arguments made by Defendant in its opposition.

Had Defendant contacted Plaintiff after service of her July 21, 2015, deposition notice, and requested a different date based upon the convenience of the parties, Plaintiff would have been happy to work to accommodate Defendant's schedule and choose a different date prior to the deadline for submission of her reply brief. However, Defendant has stated to the Court that both its counsel and corporate representative are available for the August 20, 2015, deposition. Defendant clearly seeks to postpone the deposition only so that it can obtain an advantage as the only party to have conducted deposition discovery prior to the completion of the briefing for Plaintiff's motion for class certification. Such a motive is improper, and should be rejected by the Court.

# LICHTEN & LISS-RIORDAN, P.C.

     Defendant also argues that Plaintiff's Rule 30(b)(6) deposition notice seeks discovery on a topic solely related to damages, namely what efforts (if any) Defendant took to ensure it was in compliance with respect to federal overtime law in classifying its assistant managers in the Eurest division as exempt from overtime. Although discovery in this case was not bifurcated (or trifurcated) at the scheduling conference into conditional certification, liability, and damages discovery (and thus such an objection is not a basis for avoiding the deposition at this time), this information is nevertheless relevant to the pending conditional certification motion. Indeed, Defendant's efforts to investigate, or inquire into, the proper classification of its assistant managers in the Eurest division as exempt or non-exempt could well reflect its consideration of employees in this position collectively, thus supporting Plaintiff's contention that this case can be tried as a collective action on behalf of these assistant managers.

     For these reasons, the Court should deny Defendant's request to postpone the Rule 30(b)(6) deposition until after a ruling on conditional certification or Plaintiff's reply brief deadline, and order that Defendant appear at the deposition on August 20, 2015, as noticed (or another date agreeable to the parties, and prior to the submission of Plaintiff's reply in support of conditional certification).

                              Sincerely,

                              /s/ Shannon Liss-Riordan

                              Shannon Liss-Riordan

cc:    Michael Puma, Esq. (via electronic mail)
        Lauren Marzullo, Esq. (via electronic mail)
        Sam Shaulson, Esq. (via electronic mail)
        Richard Hayber, Esq. (via electronic mail)
        Jill Kahn, Esq. (via electronic mail)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLA ROSARIO, individually and on behalf of other similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>V.<br><br>COMPASS GROUP, USA, INC.,<br><br>　　　　　Defendant. | :<br>:<br>:　CIVIL ACTION NO.:<br>:　3:15-cv-00241-MPS<br>:<br>:<br>:<br>:<br>:<br>:　JULY 21, 2015<br>:<br>: |

**NOTICE OF 30(b)(6) DEPOSITION OF COMPASS GROUP, USA., INC.**

Please take notice that at **10:00 AM. EST on AUGUST 20, 2015,** and day to day thereafter until concluded, at The Hayber Law Firm, LLC, located at 221 Main Street, Suite 502, Hartford CT 06106, the Plaintiff will take the deposition of **Compass Group, USA, INC.** upon oral examination before **Brandon Reporting and Video, LLC** or some other officer duly authorized by law to take depositions. This deposition is being taken for the purpose of discovery or for use at trial (or both), or for such purposes as are permitted under the applicable rules and law.

　　　　　　　　　　　　　　　　　　　PLAINTIFFS, CARLA ROSARIO,
　　　　　　　　　　　　　　　　　　　individually and on behalf of other
　　　　　　　　　　　　　　　　　　　similarly situated individuals

　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Richard E. Hayber
　　　　　　　　　　　　　　　　　　　　The Hayber Law Firm, LLC
　　　　　　　　　　　　　　　　　　　　Fed Bar No.: CT11629
　　　　　　　　　　　　　　　　　　　　221 Main Street, Suite 502
　　　　　　　　　　　　　　　　　　　　Hartford, CT 06106
　　　　　　　　　　　　　　　　　　　　Phone: (860) 522-8888
　　　　　　　　　　　　　　　　　　　　Fax:　  (860) 218-9555
　　　　　　　　　　　　　　　　　　　　rhayber@hayberlawfirm.com

2

## MATTERS FOR INQUIRY

1. Any and all efforts by Compass Group to make good faith efforts to comply with the Fair Standards Labor Act with regard to Assistant Managers in the Eurest Dining Services Division.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above was mailed or electronically delivered on **July 21, 2015,** to all counsel and pro se parties of record and that written consent for electronic delivery was received from all counsel and pro se parties of record who were electronically served:

VIA CERTIFIED MAIL #
Michael J. Puma
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
mpuma@morganlewis.com

Lauren Marzullo
Morgan, Lewis & Bockius, LLP
One Oxford Centre, 32nd Floor
301 Grant Street
Pittsburgh, PA 15219-64001
lmarzullo@morganlewis.com

Samuel Shaulson
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178-0060
sshaulson@morganlewis.com

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
sliss@llrlaw.com

Brandon Reporting & Video, LLC
249 Pearl Street
Hartford CT 06103
scheduling@brandonreporting.com

_____
Richard E. Hayber

3